UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

TIMOTHIE F. GERMAIN,

    Plaintiff,

vs.

ALLY FINANCIAL, INC.,

    Defendant.

_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, Timothie F. Germain ("Plaintiff"), by and through undersigned counsel, and brings this action against the Defendant, Ally Financial, Inc. ("Ally") and as grounds thereof would allege as follows:

## INTRODUCTION

1. This action is brought by a consumer for Ally's violations of the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq*. ("TCPA") and Florida Statutes §§ 559.55-559.785, *a/k/a* the "Florida Consumer Collection Practices Act" ("FCCPA").

2. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

3. The FCCPA prevent debt collectors and persons, respectively, from engaging in

*TC-0110*

abusive, deceptive, and unfair collection practices.

4. Plaintiff alleges that Ally has unlawfully called his cellular telephone in an attempt to collect an alleged debt from him in direct contravention of the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief, as well as statutory damages, actual damages, attorneys' fees, and costs, in accordance with the aforementioned statutes where applicable.

## JURISDICTION AND VENUE

5. This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

6. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this District is proper because Plaintiff resides here and Ally does business and places phone calls into this District.

## PARTIES

8. At all times relevant to this Complaint, Ally was and is a foreign corporation, with its principal place of business at 500 Woodward Ave., Detroit, MI 48226.

9. At all times relevant to this Complaint, Ally was and is a "person" as said term is defined under Florida Statute §1.01(3).

10. At all times relevant to this Complaint, Ally regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

11. At all times relevant to this Complaint, Ally has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47

C.F.R. § 64.1200(f)(2).

12. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes §559.55(8), and/or a person with standing to bring a claim under the FCCPA and the TCPA by virtue of being directly affected by violations of the Act.

13. At all times material hereto, the debt in question was a "debt" as said term is defined under Florida Statute § 559.55(6).

## BACKGROUND AND GENERAL ALLEGATIONS

14. Ally sought to collect a debt from Plaintiff arising from an alleged consumer debt (the "Debt") incurred by Plaintiff for personal, family, or household purposes.

15. Upon information and belief, Ally, by and through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect the Debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone, (305) XXX-7840 and/or employed prerecorded or machine-operated voice message in connection with said calls.

16. Upon answering any of these calls, Plaintiff would be greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while the caller's auto-dialing system attempted to connect the Plaintiff to a live telephone employee.

17. Plaintiff is the sole owner, possessor, subscriber and user of the cellular telephone that Ally was calling.

18. Ally's calls originated from various numbers including but not limited to 866-205-3074; 904-886-5293; and 855-234-3767.

19. Ally called Plaintiff a multitude of times in a campaign designed to apply

maximum psychological stress with the aim of pressuring Plaintiff into paying the Debt. A sampling of Ally's campaign include, but are not limited to, calls placed on:

 a. August 10, 2018 at 4:33 p.m.

 b. August 13, 2018 at 1:14 p.m.

 c. August 14, 2018 at 8:40 a.m.

 d. August 14, 2018 at 4:24 p.m.

 e. August 28, 2018 at 10:52 a.m.

20. Ally's placement of telephone calls to Plaintiff's cellular telephone were unsolicited and incessant.

21. Plaintiff was damaged by these unlawful calls. Plaintiff's privacy was improperly invaded, his peace was disturbed, he was distracted, his cellular telephone's battery and memory were taxed, his cellular telephone line was tied-up, and he was forced to spend precious time and mental energy tending to unwanted calls.

22. None of Ally's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

23. Upon information and belief, Ally knew that its calling techniques were in violation of the TCPA, yet Ally still continued to use them in willful or knowing violation of the TCPA.

**COUNT I-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(7)**

24. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 23 above.

25. Florida Statutes §559.72(7) states:

"In collecting debts, no person shall…
**(7) Willfully communicate with the debtor or any member of her or**

*TC-0110*

**his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.**

26. Ally has on many occasions called Plaintiff by telephone directly, multiple times a day, attempting to collect the Debt. By virtue of having to handle debt collection calls to Plaintiff's cellular phone multiple times a day, Plaintiff has been harassed and these calls have caused unnecessary strain and burden upon Plaintiff and Plaintiff's family.

27. Ally's actions of calling Plaintiff continuously and regularly day after day, multiple times a day, reasonably can be expected to have the natural consequences of harassing Plaintiff which was the intent of Ally in order to elicit payment from Plaintiff for the Debt.

28. Ally, through its agents, representatives and/or employees acting within the scope of their authority thereby knowingly violated Florida Statutes §559.72(7).

29. As a direct and proximate result of the violation of the FCCPA by Ally, Plaintiff has been damaged. Ally's phone calls harmed Plaintiff by (1) trespassing upon and interfering with Plaintiff's rights and interests in access to her cellular telephone and telephone line; (2) intruding upon Plaintiff's seclusion and privacy; (3) wasting Plaintiff's time and mental energy; (4) depleting the battery life on Plaintiff's cellular telephone; (5) using memory storage space in Plaintiff's cellular telephone; and (6) causing Plaintiff aggravation, indignation, humiliation, embarrassment, anxiety, anguish, depression, unwarranted stress and loss of enjoyment of life.

30. Plaintiff has hired Loan Lawyers, LLC and The Law Firm of Anthony C. Norman, PLLC to represent Plaintiff in this action and has agreed to pay reasonable attorneys' fees and costs.

31. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to

$1,000.00 per violation, together with reasonable attorneys' fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, Ally Financial, Inc. for actual damages, statutory damages, along with costs and reasonable attorneys' fees pursuant to Florida Statutes § 559.77(2), and for such other and further relief as justice may require.

## COUNT II - VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

32.     Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 23 above.

33.     Florida Statutes §559.72(9) states:

**"In collecting consumer debts, no person shall:**

**(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.**

34.     To state a claim for violation under § 559.72(9) of the FCCPA, it must be alleged that the defendant asserted a legal right that did not exist and that the defendant had actual knowledge that the right did not exist.  *Pollock v. Bay Area Credit Service, LLC*, 2009 WL 2475167 at * 9 (S.D. Fla. Aug. 13, 2009).  An allegation that an attempt to collect a debt in violation of state or federal law is sufficient to state a claim that defendant asserted a legal right that did not exist.  *Brook v. Suncoast Schools, FCU*, 2012 WL 6059199 at * 3 (M.D. Fla. Dec. 6, 2012) (complaint stated a plausible claim for relief where plaintiff alleged that defendant asserted a legal right that did not exist by attempting to collect a debt in violation of the FDUTPA and the TCPA).

35.     As set forth in paragraphs 8 through 23 above, Ally has on a multitude of occasions called Plaintiff's cellular telephone in violation of the TCPA's prohibition on auto-

*TC-0110*

dialing cellphones without prior express consent.

36. Ally's calling campaign also constitutes a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.*, which prohibits use of "unfair or deceptive acts or practices in the conduct of any trade or commerce."

37. By attempting to collected a debt in violation of the TCPA and FDUTPA, Ally, through its agents, representatives and/or employees acting within the scope of their authority, asserted a legal right that did not exist in violation of Florida Statutes §559.72(9)

38. As a direct and proximate result of the violation of the FCCPA by Ally, Plaintiff has been damaged. Ally's phone calls harmed Plaintiff by (1) trespassing upon and interfering with Plaintiff's rights and interests in access to her cellular telephone and telephone line; (2) intruding upon Plaintiff's seclusion and privacy; (3) wasting Plaintiff's time and mental energy; (4) depleting the battery life on Plaintiff's cellular telephone; (5) using memory storage space in Plaintiff's cellular telephone; and (6) causing Plaintiff aggravation, indignation, humiliation, embarrassment, anxiety, anguish, depression, unwarranted stress and loss of enjoyment of life.

39. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00, together with reasonable attorneys' fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, Ally Financial, Inc. for actual damages, statutory damages, along with costs and reasonable attorneys' fees pursuant to Florida Statutes § 559.77(2), and for such other and further relief as justice may require.

### COUNT III- VIOLATION OF THE TCPA, 47 U.S.C § 227(b)(1)(A)(iii)

40. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1

*TC-0110*

through 23 above.

41. Ally placed many non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C § 227(b)(1)(A)(iii).

42. It is a violation of the TCPA, 47 U.S.C. § 227(b) to call a person's cellular telephone by using an automatic telephone dialing system or prerecorded message without that person's prior express consent.

43. Plaintiff did not expressly authorize Ally to call his cellular telephone in service of Ally's general business aims. Further, Plaintiff's instructions to cease calls effectively revoked any prior consent Ally may believe it had. See *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

44. Upon information and belief, the aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system and/or employed a prerecorded voice message. These calls bore telltale signs of an automation, such as a prerecorded message or a noticeable gap between picking up the call and a human being coming on the line.

45. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

46. Ally's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark

of an automatic telephone dialing system (i.e. auto-dialer).  See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

47.     Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Ally to demonstrate that Plaintiff provided express consent within the meaning of the statute.  See *FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

48.     Ally, through its agents, representatives and/or employees acting within the scope of their authority, acted willfully and therefore intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii). Pursuant to the FCC's interpretation regarding willfulness, "willful or knowing" requires merely that "the violator knew that he was doing the act in question. . . . A violator need not know that his action or inaction constitutes a violation." *In re Dynasty Mortg., L.L.C.*, 22 F.C.C. Rcd. 9453, 9470 n.86, 2007 WL 1427724 (F.C.C. May 14, 2007).

49.     Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227.  See also *Mims v. Arrow Fin. Servs., L.L.C.*, 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

50.     In sum, Ally made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded

message and were made without the prior express consent of Plaintiff.

51. Ally's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

52. Ally's phone calls also harmed Plaintiff by (1) trespassing upon and interfering with Plaintiff's rights and interests in access to his cellular telephone and telephone line; (2) intruding upon Plaintiff's seclusion and privacy; (3) wasting Plaintiff's time and mental energy; (4) depleting the battery life on Plaintiff's cellular telephone; (5) using memory storage space in Plaintiff's cellular telephone; and (6) causing Plaintiff aggravation, indignation, humiliation, embarrassment, anxiety, anguish, depression, unwarranted stress and loss of enjoyment of life.

53. As a result of Ally's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Plaintiff is also entitled to injunctive relief prohibiting Ally from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, Ally Financial, Inc. for statutory damages of $1,500.00 for each and every violation, an order be entered enjoining Defendant from calling Plaintiff's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

*TC-0110*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Timothie F. Germain, hereby demands a trial by jury of all issues so triable.

>  */s/ Anthony C. Norman*
> Anthony C. Norman, Esq.
> Florida Bar Number: 112105
> E-mail: anthony@lawfirmofacn.com
> THE LAW FIRM OF ANTHONY C. NORMAN, PLLC
> *Co-Counsel for Plaintiff*
> 1345 Monroe Ave., NW, Ste. 242
> Grand Rapids, MI 49505
> Telephone: (616) 265-5998


>  */s/ Laura Hoy*
> Laura Hoy, Esq.
> Florida Bar Number: 59025
> E-mail: laura@fight13.com
> LOAN LAWYERS, LLC
> *Co-Counsel for Plaintiff*
> 2150 South Andrews Avenue, 2nd Floor
> Fort Lauderdale, FL 33316
> Telephone: (954) 523-4357
> Facsimile: (954) 581-2786

*TC-0110*